IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD JORDAN and
DIANE JORDAN,

      Plaintiffs,

v.                                             No. CIV-14-0974 MV/LAM

JANAK, INC., a business entity, form
Unknown; and DOES 1-20,

      Defendants.

## ORDER ADOPTING JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN WITH CHANGES AND SETTING CASE MANAGEMENT DEADLINES

**THIS MATTER** came before the Court on a telephonic Rule 16 Initial Scheduling Conference held on October 29, 2015. Following a review of the attorneys' Second Joint Status Report and Provisional Discovery Plan filed on October 15, 2015, and after conferring with counsel, the Court adopts the Joint Status Report and Provisional Discovery Plan modified as follows:

    a)    Maximum of forty (40) Interrogatories, including all discrete subparts, by each party to any other party (responses due <u>30</u> days after service);

    b)    Maximum of thirty-five (35) Requests for Admission by each party to any other party (responses due <u>30</u> days after service);

    c)    Maximum of ten (10) depositions by Plaintiff(s) and ten (10) depositions by Defendant(s); and

    d)    Depositions of named parties and experts are limited to 7 hours, unless extended by agreement of the parties; depositions other than of named parties and experts are limited to 4 hours unless extended by agreement of the parties.

The following case management deadlines have been set:

| | | |
|---|---|---|
| a) | Deadline for Plaintiff(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **November 30, 2015** |
| b) | Deadline for Defendant(s) to amend pleadings or add additional parties pursuant to Fed. R. Civ. P. 15, which may require opposing party's written consent or leave of Court: | **December 30, 2015** |
| c) | Plaintiff(s)' Rule 26 (a)(2) expert disclosure[1]: | **January 29, 2016** |
| d) | Defendant(s)' Rule 26 (a)(2) expert disclosure[1]: | **February 29, 2016** |
| e) | Termination date for discovery: | **March 29, 2016** |
| f) | Motions relating to discovery to be filed by: | **April 19, 2016** |
| g) | Pretrial motions other than discovery motions (including motions which may require a Daubert hearing) filed by: | **May 10, 2016** |
| h) | Pretrial Order: Plaintiff(s) to Defendant(s) by:  Defendant(s) to Court by: | **July 29, 2016**  **August 12, 2016** |

Any extension of the case management deadlines must be approved by the Court. Any requests for additional discovery must be submitted to the Court by motion prior to the expiration of the discovery deadline.

**IT IS SO ORDERED.**

_Lourdes A. Martínez_
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] All expert witnesses must be disclosed by this date, but only those who are retained or specifically employed to provide expert testimony must submit an expert report.  See Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.*, 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.*, 493 F.Supp. 2d 1174 (D.N.M. 2007), and *Blodgett v. United States*, 2008 WL 1944011 (D. Utah). Expert witnesses not required to provide a written report must provide a summary disclosure under Rule 26(a)(2)(C) by this date.  The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.